UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GRANT J. FARMER,

        Plaintiff,

   v.                                   **ORDER**
                                         11-CV-199S

ALI AHMED and TRANSX, LTD.,

        Defendants.

       1.      Plaintiff, Grant Farmer, commenced this action on August 13, 2010 by filing a summons and complaint in the New York State Supreme Court, County of Erie. On March 8, 2011, Defendants, Ali Ahmed and Transx, Ltd., filed a Notice of Removal in this Court. Presently before this Court is Farmer's Motion to Remand. (Docket No. 6.)

       2.      In his complaint, Farmer alleges that Amhed negligently operated a vehicle while in the employ of Transx Ltd., causing an accident and injuries to Farmer. (Notice of Removal, Complaint; Docket No. 1.) Pursuant to New York State law, the complaint did not contain a demand for particular damages. (Id.); see N.Y. C.P.L.R. § 3017(c). On November 22, 2010, pursuant to the same law, Defendants requested from Farmer a supplemental demand setting forth the total damages to which he believed he was entitled. (Mooney Affidavit, ¶ 8; Docket No. 11); see N.Y. C.P.L.R. § 3017(c). According to Farmer, he responded to that request on December 23, 2010 by mailing his demand for $5,000,000 to Defendants. (See Kling Affidavit, ¶ 2; Docket No. 7-5.) However, Defendants claim that they never received it, and so, on February 3, 2011, sent correspondence to Farmer repeating its request. (Mooney Affidavit, ¶ 9. ) The next day, Farmer responded by

indicating that he had already conveyed his demand in December, but also included the requested figure again. (Exhibit G, Docket No. 11.) According to Defendants, they finally received the demand on February 7, 2011. They then filed the notice of removal 29 days later, on March 8, 2011. (Docket No. 1.)

3. Defendants contend that removal was timely because they filed their notice of removal within the permissible thirty-day window after receipt of the monetary demand on February 7, 2011. See 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within 30 days after receipt by the defendant . . . of a [paper] from which it may first be ascertained that the case is one which is or has become removable."); N.Y.C.P.L.R. § 3017(c). Farmer, however, challenges Defendants' removal for failure to comply with the 30-day notice deadline, arguing that the clock was triggered when he sent the first demand notice on December 23, 2010, or, at the very latest, on February 4, 2011, when he sent the second demand notice.

4. As an initial matter, Farmer's contention that the time should run from the date that he sent the demand-notice (either December 23, 2010 or February 4, 2011) is without merit. The removal statute, § 1446(b), specifically states that a defendant has thirty days from *receipt* of a document that informs him that the case is removable. In this case, the § 3017(c) demand-notice serves as that document. See Moltner v. Starbucks Coffee Co., 1624 F.3d 34 (2d Cir. 2010). Therefore, by the plain language of the statute, time did not start to run until Defendants received the § 3017(c) demand.[1] The pertinent question

---

[1] Ahmed's contention that Moltner – wherein the Second Circuit decided an entirely different question than that which is before this Court – supports its argument is also without merit considering the plain language of § 1446(b).

then becomes on what date did Defendants receive the demand.

5.    Although it appears that the Second Circuit has not addressed the specific question presented by Ahmed's motion in the context of a motion to remand, it has addressed this issue in the Title VII context. Under Title VII, a plaintiff must file his or her complaint within ninety days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1); Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525 (2d Cir.1996). There is a presumption that a mailed document is received three days after the date on which it is sent. See Fed. R. Civ. P. 6(e); Sherlock, 84 F.3d at 525. Thus, in this case, Defendants would be presumed to have received the demand-notice on December 26, 2010 and their motion to remand would be untimely. However, this presumption may be rebutted by admissible evidence, such as an affidavit, that indicates the mailing was not sent or never received. Sherlock, 84 F.3d at 526. Here, both parties have presented affidavits swearing to their version of the events. As the Second Circuit has instructed, such a situation presents a factual issue. See Comrie v. Bronx Lebanon Hosp., 133 F.3d 906, 1998 WL 29643, at *2-*3 (2d Cir. Jan. 27, 1998) (table) (reversing district court on similar facts in the Title VII context and instructing it to conduct a factual inquiry).

6.    Consequently, if willing, this Court requests the parties to file a stipulation authorizing this Court to make findings of fact on this limited issue. See O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011) (with consent, it can be appropriate for the district court to make findings of fact "on the papers.") Alternatively, if the parties are unwilling to proceed in this manner, this Court must conduct an evidentiary hearing to determine the time when Defendants received the §3017(c) demand.

See Comrie, 1998 WL 29643 at *3.

***

IT HEREBY IS ORDERED, that, if willing, the parties are instructed to file a stipulation authorizing this Court to make findings of fact on the limited issue concerning the date when Defendants received the § 3017(c) demand-notice. Alternatively, if unwilling, the parties are instructed to appear for an evidentiary hearing on March 16, 2012 at 11:00 a.m.  There will be no adjournments.

SO ORDERED.

Dated:   February 27, 2012
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court