UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GRANT J. FARMER,

        Plaintiff,

   v.                                    **DECISION & ORDER**
                                            11-CV-199S

ALI AHMED and TRANSX, LTD.,

        Defendants.

1.     Plaintiff, Grant Farmer, commenced this action on August 13, 2010 by filing a summons and complaint in the New York State Supreme Court, County of Erie. On March 8, 2011, Defendants, Ali Ahmed and Transx, Ltd., filed a Notice of Removal in this Court. Presently before this Court is Farmer's motion to remand. (Docket No. 6.) Farmer argues that Defendants failed to file for removal in a timely fashion.

2.     As discussed in this Court's previous Order (Docket No. 15), the parties dispute the date when Defendants received Farmer's N.Y. C.P.L.R. § 3017(c) demand, which controls the time period in which Defendants can file for removal. See 28 U.S.C. § 1446(b); Moltner v. Starbucks Coffee Co., 1624 F.3d 34 (2d Cir. 2010).

3.     Because the Second Circuit has found that such a dispute presents a factual issue, see Comrie v. Bronx Lebanon Hosp., 133 F.3d 906, 1998 WL 29643, at *2-*3 (2d Cir. Jan. 27, 1998) (table), this Court requested that the parties appear for an evidentiary hearing or submit a stipulation authorizing this Court to make findings of fact "on the papers." The parties chose to submit the stipulation. (Docket No. 16.) Thus, this Court has authorization from the parties to make findings of fact regarding the limited issue as to

when Defendants received the § 3017(c) demand; it will utilize that authorization to resolve Farmer's motion to remand.

4.     In his complaint, Farmer alleges that Amhed negligently operated a vehicle while in the employ of Transx Ltd., causing an accident and injuries to Farmer.  (Notice of Removal, Complaint; Docket No. 1.) Pursuant to New York State law, the complaint did not contain a demand for particular damages. (Id.); see N.Y. C.P.L.R. § 3017(c). On November 22, 2010, pursuant to the same law, Defendants requested from Farmer a supplemental demand setting forth the total damages to which he believed he was entitled. (Mooney Affidavit, ¶ 8; Docket No. 11); see N.Y. C.P.L.R. § 3017(c). According to Farmer, he responded to that request on December 23, 2010 by mailing his demand for $5,000,000 to Defendants. (See Kling Affidavit, ¶ 2; Docket No. 7-5.) However, Defendants claim that they never received it, and so, on February 3, 2011, sent correspondence to Farmer repeating its request. (Mooney Affidavit, ¶ 9.) The next day, Farmer responded by indicating that he had already conveyed his demand in December, but also included the requested figure again.  (Exhibit G, Docket No. 11.)  According to Defendants, they finally received the demand on February 7, 2011. They then filed the notice of removal 29 days later, on March 8, 2011. (Docket No. 1.)

5.     As explained in this Court's previous Order, the only issue remaining is whether, pursuant to Sherlock v. Montefiore Medical Center, 84 F.3d 522, 525 (2d Cir.1996) and Fed. R. Civ. P. 6(e), Defendants should be presumed to have received the demand on December 26, 2010, three days after Farmer claimed to have mailed it, or whether Defendants have offered sufficient proof to overcome that presumption and demonstrate that they received it on February 7, 2011. (See Order, ¶ 4.)  If it is the former,

the notice of removal is untimely and Farmer's motion must be granted. If it is the latter, the removal is timely and the motion must be denied.

6. This Court finds that the presumption that Defendants received the demand-notice three days after it was mailed has been adequately rebutted, and finds that Defendants did not actually receive the demand until February 7, 2011. See Sherlock, 84 F.3d at 526 (presumption that a letter duly mailed is received three days later is not irrebuttable and may be refuted by affidavit).

7. Sheri Mooney, Defendants' counsel, submits an affidavit swearing that neither she, nor anyone else at her law firm, received the demand-notice until February 7, 2011. (Mooney Affidavit, ¶¶ 17,18.) This Court finds that statement credible because it is supported by the circumstances of the case: Mooney's February 3, 2011 letter to Bradley Marble, Farmer's counsel, requests that he "kindly respond to our *outstanding* request" (emphasis added). Thus, before this dispute ever arose, Mooney indicated that she did not receive the demand-notice mailed in December. While this Court has no reason to disbelieve Marble, who swears that he sent the demand-notice on December 23, 2010, this Court is cognizant of the fact that mailings can be lost and misplaced. Further, there is no evidence that Mooney's letter, which was sent at a time when she had no motive to lie, was crafted to deceive this Court to her benefit in a future dispute.

8. Consequently, the notice of removal was timely because Defendants received the demand-notice on February 7, 2011 and filed their notice of removal 29 days later, on March 8, 2011. See 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within 30 days after receipt by the defendant . . . of a [paper] from which it may first be ascertained that the case is one which is or has become removable."). Therefore, Farmer's motion to

remand is denied.

9.  Such a finding, of course, should not be read to set a precedent that defense counsel can delay the start of the 28 U.S.C. § 1446(b) clock by claiming that a demand-notice was not received. This factual finding is limited to the circumstances of this case and judicial intervention in such matters should be avoided, if possible. Indeed, if Farmer employed certified mail or personal service, this issue would never have emerged.

****

IT HEREBY IS ORDERED, that Farmer's Motion to Remand to State Court (Docket No. 6) is DENIED.

SO ORDERED.

Dated: March 12, 2012
       Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    Chief Judge
                                                    United States District Court